IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                          CRIMINAL NO. 5:09-cr-15(DCB)(JCS)

CLARENCE BLEVINS

ORDER

This case is before the Court on the defendant Clarence Blevins' motion in limine to exclude any reference to any criminal history of the defendant **(docket entries 21, 22)**. Having carefully considered the motion and the government's response, the Court finds as follows:

The defendant is charged with solicitation of another to murder his ex-wife. On June 17, 2009, the government provided additional discovery to the defendant including his 1998 guilty plea before the United States District Court for the Southern District of Alabama, Northern District, to one count of Solicitation to Commit Murder in violation of 18 U.S.C. § 373(a), and one count of Non-Registration as a Firearms Manufacturer in violation of 26 U.S.C. § 5861(a).

The defendant seeks to exclude the evidence under Fed.R.Evi. 404(b), which requires that evidence of any other bad act be relevant to an issue other than the defendant's character (e.g., motive, opportunity, preparation, etc.), and that the evidence possess probative value which is not outweighed by undue prejudice. See United States v. Duffaut, 314 F.3d 303 (5th Cir. 2002); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)("evidence of

extrinsic offenses should not be admitted solely to demonstrate the defendant's bad character. Even though such evidence is relevant, because a man of bad character is more likely to commit a crime than one not, the principle prohibits such evidence because it is inherently prejudicial.").

In <u>Huddleston v. United States</u>, 485 U.S. 681 (1988), the Supreme Court articulated a four-part test for determining the admissibility of extrinsic criminal acts:

> Evidence of prior criminal conduct may be admitted if (1) evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

<u>Id</u>. at 689. The defendant argues that the evidence is inadmissible because it has a tendency to cause jurors to convict based on the defendant's bad character and propensity to violence toward his ex-wife.

The defendant also argues that the evidence is not relevant and therefore inadmissible under Fed.R.Evi. 401 (<u>i.e.</u> it does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence"). The defendant further requests that should the Court find the evidence relevant for some purpose, then the Court should place on the record findings which show (1) that the evidence is probative of the proposition it is offered to prove, and (2) that the proposition it is offered to prove is one that is of consequence to the

determination of the action.  See United States v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981).

The Fifth Circuit also requires that the evidence meet the other requirements of Fed.R.Evi. 403.  Beechum, 582 F.2d at 911.  The defendant requests that since criminal history evidence is highly prejudicial under Fed.R.Evi. 403, even if it is deemed relevant, the Court should place on the record findings which show why the probity of the evidence tips the scale in favor of admission when it is balanced against the potential for undue prejudice.  Id. at 914.

The government responds that the defendant's 1998 guilty plea involved soliciting another to kill, among others, the defendant's ex-wife Barbara Blevins.  Following his arrest on those charges, a search warrant was executed and live explosive devices, manufactured by the defendant, were found at his residence.  The government states that the crime to which the defendant pled guilty, solicitation to commit a crime of violence (murder-for-hire) against his ex-wife, among others, in violation of 18 U.S.C. § 373(a), is the same crime for which he is now charged.

Applying the two-part Beechum test (the evidence must be relevant to an issue other than the defendant's character, and it must posses probative value that is not substantially outweighed by its undue prejudice), the Court notes that the government states it intends to introduce evidence of the prior conviction to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident (Fed.R.Evi. 404(b)), as

well as a particular modus operandi of the defendant (see United States v. Brookins, 919 F.2d 281, 285 (5th Cir. 1990)); see also United States v. Buchanan, 70 F.3d 818 (5th Cir. 1995).

Regarding the comparison of probative value and prejudicial effect, the government points out that "a court should consider the overall similarity between the extrinsic and charged offenses" (United States v. Moye, 951 F.2d 59, 62 (5th Cir. 1992)), and that "The relevance [of an extrinsic offense] is a function of its similarity to the offense charged" (Beechum, 582 F.2d at 911). The government plans to call witnesses to show the similarity of the crime to which the defendant pled guilty and the instant case, e.g., that in both cases the defendant intended to have others murder his ex-wife, planned to create a false alibi, claimed and demonstrated the knowledge and use of explosives which could be utilized to murder his ex-wife, provided the location of his intended victim to the hit-man, offered things of pecuniary value to the hit-man for murdering his ex-wife, discussed various methods of his wife's murder with the hit-man, solicited persons who were previously unknown to him for the purpose of murdering his ex-wife, and provided the hit-man with the floor plan of his ex-wife's house. The defendant's previous conviction was for the same violent offense with the same intended victim under strikingly similar circumstances. The Court finds that the extrinsic evidence is relevant, and is more probative than prejudicial.

As for the length of time from 1998 to 2009, in United States v. Arnold, 467 F.3d 880 (5th Cir. 2006), the Fifth Circuit stated

4

that "the amount of time that has passed since the previous conviction is not determinative. We have upheld the admission of evidence when the time period in between was as long as 15 to 18 years." <u>See</u> <u>also</u> <u>United States v. Broussard</u>, 80 F.3d 1040 (5th Cir. 1996)(age of conviction does not bar its use under Fed.R.Evi. 404(b)).

Based on the representations of the government, and for the foregoing reasons, the Court finds that the evidence is relevant, probative of at least one of the propositions it is offered to prove, and of consequence to the determination of the action. The Court further finds that the probity of the evidence outweighs the potential for undue prejudice. The government shall have the burden at trial of articulating the specific purposes for which the evidence is offered. Accordingly,

IT IS HEREBY ORDERED that the defendant Clarence Blevins' motion in limine to exclude any reference to any criminal history of the defendant **(docket entries 21, 22)** is DENIED.

SO ORDERED, this the 11th day of August, 2009.

<u>/s/ David Bramlette</u>
UNITED STATES DISTRICT JUDGE