IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CLARENCE BLEVINS                                                PETITIONER

VS.                                       CRIMINAL NO. 5:09-cr-15(DCB)

UNITED STATES OF AMERICA                                        RESPONDENT

MEMORANDUM OPINION AND ORDER

On August 19, 2009, Clarence Blevins was found guilty of the offense of Solicitation to Commit a Crime of Violence, 18 U.S.C. § 373(a). On November 20, 2009, he was sentenced by this Court to a term of 240 months, to run consecutively to an undischarged term of imprisonment imposed in Case No. CR-98-B-038-NE in the Northern District of Alabama. (Docket Entry 46). Blevins filed a Notice of Appeal on November 20, 2009, and his conviction was affirmed by the Fifth Circuit Court of Appeals on October 6, 2010.

On July 7, 2016, Blevins filed a Letter Motion in Criminal No. 5:09-cr-6, inquiring if he was entitled to any benefit in light of Johnson v. United States, 135 S.Ct. 2551 (2015), which "held that the Armed Career Criminal Act ("ACCA") [was] [u]nconstitutional[ly] vague under the residual clause." The Court construed the motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. However, the government had moved to dismiss the indictment against Blevins without prejudice in Criminal No. 5:09-cr-6 on June 30, 2009. (Docket Entry 14 in Criminal No. 5:09-cr-6). On July 1, 2009, the Court dismissed the indictment against

Blevins without prejudice in Criminal No. 5:09-cr-6. (Docket Entry 15 in Criminal No. 5:09-cr-6).

A First Superseding Indictment was filed in Criminal No. 5:09-cr-6 on July 21, 2009 (docket entries 16 and 17). On July 27, 2009, the Court entered an Administrative Order showing that the original indictment had been dismissed by the government, thereby closing Criminal No. 5:09-cr-6. (Docket Entry 20 in Criminal No. 5:09-cr-6). The Court further held:

> On June 30, 2009, prior to dismissing the indictment, the United States obtained a second Criminal Complaint against this defendant (3:09mj574 JCS). The grand jury then returned a second indictment against this defendant on July 21, 2009. Due to an incorrect criminal complaint number being referenced on the criminal case cover sheet filed with the Clerk of Court, as well as a designation of First Superseding Indictment on the face of the indictment, the Clerk of Court assigned this case the same criminal number as was assigned to the previously dismissed case. Based on the foregoing, IT IS ORDERED that the indictment returned by the Grand Jury on July 21, 2009 be given a new criminal number which should be connected in the ECF system to the Criminal Complaint obtained on June 30, 2009 with number 3:09mj574 JCS.

(docket entry 20).

The Clerk of Court closed criminal case 5:09-cr-6 on July 27, 2009, thereby terminating defendant Blevins as well as all deadlines and all motions. (Minute entries of July 27, 2009). The Clerk of Court also opened a new criminal case, 5:09-cr-15, based on the First Superseding Indictment. Judgment was rendered in Blevins' case on November 20, 2009 (docket entry 46), and on the same day Blevins appealed to the Fifth Circuit Court of Appeals

(docket entry 47). The Fifth Circuit affirmed Blevins' conviction on October 6, 2010.

On July 7, 2016, Blevins filed his Letter Motion inquiring if he might "be able to benefit from" Johnson v. United States, 135 S.Ct. 2551 (2015) (Docket Entry 21 in criminal case 5:09-cr-6), and an identical motion in criminal case 5:09-cr-15. The Court construed the motions as motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Since there was no Judgment nor Sentence in criminal case 5:09-cr-6, Blevins' motion in that case was denied as moot on April 7, 2017 (Docket Entry 22 in criminal case 5:09-cr-6).

The Court now addresses Blevins' motion in criminal case 5:09-cr-15. The Court construes the motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and shall direct the Clerk of Court to open a new civil action (Nature of Suit: 510 Prisoner Vacate Sentence) and to reference the above styled criminal case (5:09-cr-15). Blevins also seeks appointment of counsel. However, Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Court must appoint an attorney to represent a petitioner if it concludes that "an evidentiary hearing is warranted." No such conclusion has been reached in this case, so the request for counsel is premature. See United States v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994)("Whether to appoint counsel to represent a defendant

3

in a § 2255 proceeding is committed to the sound discretion of the district court.").

The Court observes that Blevins did not conclusively characterize his letter to the Court as a § 2255 motion. However, to avoid overly stringent application of labeling requirements, federal courts will occasionally "ignore the legal label that a <u>pro se</u> litigant attaches to a motion and re-characterize the motion in order to place it within a different legal category." <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003). But a district court may not re-characterize a <u>pro se</u> litigant's motion as a first § 2255 motion, unless the court "notif[ies] the <u>pro se</u> litigant that it intends to re-characterize the pleading, warn[s] the litigant that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide[s] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." <u>Id</u>. at 383. "If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." <u>Id</u>.

It is important for the defendant to give clear notice of his intention to file the instant motion as a § 2255 motion because, if the court characterizes it as such, it will most likely be dismissed on procedural grounds or denied on substantive grounds.

4

Section 2255(f) imposes a one-year period of limitation to file a § 2255 motion.[1] In the instant case, the relevant date for determining the limitation period would be either "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1),(3). First, Blevins' motion would most likely be barred under subsection (1) because he did not file it within a year of the date on which the judgment of his conviction became final (October 6, 2010). 28 U.S.C. § 2255(f)(1).

Here, the defendant's letter motion was filed on July 7, 2016, well beyond one year after his conviction became final. Additionally, the defendant's letter motion would be barred because he filed it more than a year after <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), was decided. <u>Johnson</u> was decided on June 26,

---

[1] Specifically, the limitation period runs from the latest of:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

5

2015, and Blevins' letter motion was filed on July 7, 2016. Section 2255(f)(3) provides that a petitioner has a year to file a § 2255 motion after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, the defendant asserts that <u>Johnson</u> applies to his case. However, even if <u>Johnson</u> applied to his case (which it does not[2]), the defendant's motion is untimely. Specifically, the defendant filed the instant letter motion on July 7, 2016, over a year after the date <u>Johnson</u> was decided (June 26, 2015).

Furthermore, if the Court characterizes Blevins' letter as a § 2255 motion, equitable tolling will most likely be unavailable. "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Whiteside v. U.S.</u>, 775 F.3d 180 (4th Cir. 2014)(citing <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010)(internal quotation marks omitted)). Specifically, "equitable tolling is appropriate in those 'rare instances where – due to circumstances external to the party's own conduct – it would

---

[2] The Supreme Court has held that <u>Johnson</u>-style analysis does not apply to cases involving the residual clause definition of a "crime of violence" in U.S.S.G. § 41B.2(a)(2), nor would it apply to U.S.S.G. § 2L1.2. See <u>Beckles v. United States</u>, 137 S.Ct. 886 (2017).

6

be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside, 775 F.3d 180 (4th Cir. 2014)(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). Here, Blevins has failed to demonstrate that he has been pursuing his rights diligently, and he has failed to assert any extraordinary circumstances that prevented him from timely filing. Therefore, even if the Court were to characterize the defendant's letter as a § 2255 motion, it would most likely be procedurally barred. On the other hand, if the Court characterizes Blevins' letter as a § 2255 petition, it will most likely be dismissed, even if it is not procedurally barred, because it has no merit. Specifically, Blevins' claims have no merit because U.S.S.G. § 2L1.2(b)(1) was not used in the calculation of his sentence. (Docket entry 45).

For the foregoing reasons, the Court shall direct the defendant to give notice of his intention of filing his letter as a § 2255 motion or his intention to amend or withdraw his motion. Additionally, the Court shall direct the Clerk of Court to send the defendant the applicable forms for filing a § 2255 motion.

ACCORDINGLY,

The Court hereby directs the Clerk of Court to open a new civil action (Nature of Suit: 510 Prisoner Vacate Sentence) and to reference the above styled criminal case (5:09-cr-15);

The Court also directs the defendant to give notice of his

intention of filing his letter as a § 2255 motion or his intention to amend or withdraw his motion;

The Court also directs the Clerk of Court to send the defendant the applicable forms for filing a § 2255 motion.

SO ORDERED, this the 1st day of June, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE