IN THE UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 5:09-cr-15-DCB-JCS

CLARENCE LEWIS BLEVINS                                      DEFENDANT

ORDER

Before the Court is Defendant's Motion for Compassionate Release/Reduction in Sentence [ECF No. 59]; Motion to Reduce Sentence under the First Step Act [ECF No. 61]; Motion for a Hearing [ECF No. 63]; Motion to Appoint Counsel [ECF No. 64]; and a Supplemental Motion for Compassionate Release (COVID-19) [ECF No. 66]. The Government opposes the Motions. Having read the motions, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

Defendant Blevins has been twice convicted with solicitation of murder-for-hire under 18 U.S.C. § 373(a). In 2007 – while incarcerated at the Federal Correctional Institution Low at Yazoo City, Mississippi – Blevins told a government informant, C.W., that he would provide explosives in exchange for C.W. to murder his former spouse, her boyfriend, and her neighbor. Subsequently, the Government arrested and

1

charged Blevins with a violation of § 373(a). On August 19, 2009, a jury found Blevins guilty of solicitation of murder-for-hire. The Court sentenced him to serve a total of 240 months in prison followed by three years of supervised release. The Fifth Circuit Court of Appeals affirmed his conviction. In its Opinion, the Fifth Circuit discussed the facts of the case in relevant part:

> "Blevins said that he wanted the murders to happen while he was still incarcerated so that he would have an alibi. Blevins also provided C.W. with a detailed description of his ex-wife's house, including the address and layout of the house. C.W. asked Blevins several times if he was serious about wanting his ex-wife killed, and each time Blevins assured C.W. that he wanted the murder committed. In one of the recorded conversations, Blevins told C.W. that he could rape his ex-wife prior to killing her if he was careful not to leave behind any DNA evidence.
>
> During taped conversations, introduced into evidence, Blevins and C.W. discussed C.W. traveling from Louisiana to Florida to murder Blevins's ex-wife, her boyfriend, and her neighbor. Blevins stated several times that he wanted these individuals murdered and offered C.W. explosives in exchange for their deaths."

[ECF No. 52] at pp. 2 & 9. Blevins is serving his prison term at FCI Forrest City, a low security federal correctional institution in Arkansas. According to the Bureau of Prisons ("BOP"), Blevins has served over 11 years of his 20-year sentence. He is set to be released on April 17, 2026. Blevins committed the instant offense while serving another sentence,

and he has been incarcerated for over 20 years. Blevins is 80 years old and suffers from several medical issues, including hypertension.

Blevins moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He seeks to either have his sentence reduced to time served, or to serve the remainder of his sentence on home confinement. Blevins claims that his motivation for seeking release is to tend to his wife who is 82 years old and unable to live on her own without his additional income and the in-home care he could provide. Additionally, Blevins asserts that his age and medical history put him at a high risk of contracting COVID-19 and that his chances of fatality are high.

## Discussion

"A court, on motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" United States v. Chambliss, 948 F.3d 691, 692–93 (5th Cir. 2020)(citing 18 U.S.C. § 3582(c)(1)(A)(i)). Compassionate release is not mandatory but falls within the district court's discretion. A court may refuse to grant compassionate release after weighing the sentencing factors of 18 U.S.C. § 3553(a). Id. at 693.

Even if "extraordinary and compelling reasons," exist, the Guidelines' policy statements provide for a reduction in sentence only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. Factors relevant to this inquiry may include; whether the offense charged was a crime of violence, the person's character, his past conduct, his criminal history, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Generally, it is the defendant's burden to demonstrate that he satisfies the requirements for compassionate release. United States v. Johnson, Crim. No. 2:13-231, 2020 WL 3000500, at *2 (S.D. Tex. June 2, 2020).

Before turning to the procedural and substantive merits of the defendant's motions, the Court will quickly resolve the Defendant's Motion to Appoint Counsel and Motion for a Hearing. As a general matter, "there is no right to a hearing and assistance of counsel on a motion for reduction of sentence." United States v. Legree, 205 F.3d 724, 729 (4th Cir. 2000). "A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" Id. at 730(citing United States v. Tidwell, 178 F.3d 946, 949 (7th Cir.), cert. denied, 528 U.S. 1023 (1999)). Additionally Rule 43

4

of the Federal Rules of Criminal Procedure makes clear that a defendant's presence is not required when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Accordingly, the Court denies the defendant's motions to appoint counsel and for a hearing.

The court will now turn to the procedural requirements for a motion for compassionate release/reduce sentence.

**Defendant Has Failed to Exhaust Administrative Remedies**

Although the Government seems to concede that there has been exhaustion, the Court finds that the Defendant failed to exhaust his administrative remedies. Before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) Prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the Bureau of Prison's decision not to file a motion for compassionate release, or

(2) Prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility..."

18 U.S.C. § 3582(c)(1)(A). The statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise. See United States v. Koons, No. CR 16-214-05, 2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020). "If an inmate's request is denied before the lapse of 30 days, then he

5

must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute." United States v. Martin, Crim. No. 3:16-cr-70-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June. 9, 2020).

To "fully exhaust all administrative remedies" under § 3582(c)(1)(A), an inmate who is not satisfied with the Warden's response:

> "may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.... Appeal to the General Counsel is the final administrative appeal."

Martin, 2020 WL 3065302, at n.2 (citing 28 C.F.R. § 542.15(a)); see also United States v. Early, No. 19-92, 2020 WL 2572276, at *2 (W.D. Pa. May 21, 2020). Therefore, a defendant does not satisfy the exhaustion requirement of § 3582(c)(1)(A) if he does not appeal the warden's decision to deny compassionate release. See United States v. Pinson, Crim. No. H-08-283, 2020 WL 2771343, at *3 (S.D. Tex. May 28, 2020)(finding defendant's failure to appeal warden's denial of compassionate release meant that he failed to exhaust his administrative rights).

Blevins submitted a request for compassionate release to the warden at FCI Forrest City on April 8, 2019. On April 12, 2019, Warden DeWayne Hendrix denied Blevins's request for compassionate release. Inasmuch as Blevins's request was denied before the lapse of 30 days, he is required to fully exhaust his administrative remedies before the Court may hear his Motion. There is no evidence that Blevins appealed the warden's decision with the BOP. By failing to appeal the warden's decision to the Regional Director, Blevins has not fully exhausted his administrative rights and the suit must be dismissed.

While the defendant's Motion must be denied for failure to exhaust, the motion also fails on the merits of the claim, which the Court will now discuss.

**Requested Relief**

In his Motion for Reduction in Sentence [61], Blevins asks the Court "to reduce his sentence to time served pursuant to Section 603 of the First Step Act of 2018." This Motion must be denied for failure to comply with the mandatory exhaustion requirements of § 3582(c)(1)(A). Even if Blevins had met the exhaustion requirement, he failed to demonstrate "extraordinary and compelling" circumstances warranting compassionate release under § 3582(c)(1)(A). His request for a reduction of his sentence to "time served" is DENIED.

7

In Defendant's Supplemental Motion for Compassionate Release (COVID-19), he asks the Court "to enter an order requiring the Bureau of Prisons ("BOP") to release him from FCI Forrest City, and require him to serve the remainder of his sentence on home confinement." However, the Court lacks the authority to order the BOP to transfer Blevins to home confinement. Once a sentence is imposed, the BOP "shall designate the place of the prisoner's imprisonment." See 18 U.S.C. § 3621(b). "Because [defendant] seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241." United States v. Nevers, Crim. No. 16-88, 2020 WL 2769880, at *8 (E.D. La. May 28, 2020).

The passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") has not provided district courts the authority to order an inmate to be transferred to home confinement. In a well-reasoned opinion out of the Eastern District of Louisiana, the court explained:

> Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum

>  to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates.

See Nevins, 2020 WL 2769880, at *8(citing United States v. Mogan, Crim. No. 14-040, 2020 WL 2558216, at *2 n.12 (E.D. La. May 20, 2020)). Accordingly, the Court must deny Blevins's request for release to home confinement as this Court lacks authority to order the BOP to transfer the defendant to home confinement.

**Extraordinary and Compelling Reasons**

Title 28 of the United States Code, section 994(t), states that the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Accordingly, the Sentencing Commission has provided four narrow categories of extraordinary and compelling grounds that would warrant compassionate release:

>  (A) **Medical Condition of the Defendant.**
>  
>  (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples

9

>    include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>    (ii) The defendant is—
>
>    >    (I) suffering from a serious physical or medical condition,
>    >
>    >    (II) suffering from a serious functional or cognitive impairment, or
>    >
>    >    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**
>
> >    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> >    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, Application Note 1.

Defendant initially sought compassionate release for family circumstances, but he has not shown the death or incapacitation of his wife's caregiver. To the contrary, Defendant states that

his wife currently resides with her son's family members who are providing care for her. Blevins is not "the only available caregiver for the spouse or registered partner," so his request for relief due to family circumstances fails.

The Court will now examine Blevins's medical condition and age. Blevins is an 80-year-old who suffers from hypertension, which is one of the medical conditions that increases an elderly person's susceptibility to contracting COVID-19. <u>Report of the WHO-China Joint Mission on Coronavirus Disease 2019 (COVID-19)</u> at 12, https://www.who.int/docs/default-source/coronaviruse/who-china-joint-mission-on-covid-19-final-report.pdf. Considering the age of the defendant and his medical history, the defendant may be able to demonstrate an extraordinary and compelling reason – in light of the COVID-19 pandemic – that could warrant a reduction in sentence. Regardless, after considering 18 U.S.C. § 3142(g), the Court finds that compassionate release is not appropriate in this circumstance because the defendant is a danger to the safety of others based on his criminal history. Defendant disputes his potential danger to society, claiming that he has a good institutional record and is not a disciplinary problem. [ECF No. 59] at 3.

The Court is unpersuaded by defendant's claim that he does not pose a danger. The defendant has been convicted two times of

soliciting the murder of his ex-wife. As previously discussed, the imposition of his first federal sentence did not prevent the defendant from making a second solicitation to murder his former spouse <u>while in prison</u> for his first conviction. In that instance, Blevins also solicited the murder of his former spouse's boyfriend and her neighbor. Additionally, the Government writes in their brief, "it was learned that Blevins shot and wounded his own daughter prior to his first federal conviction for soliciting the murder of his ex-wife, and was prosecuted locally for it." [ECF No. 69] at 10. In response to Blevins's motion for compassionate release, the United States Attorney's victim-witness coordinator contacted the former spouse and neighbor. Both, very understandably, expressed concerns about their safety if Blevins was granted early release from confinement.

When looking at the relevant factors, the defendant is clearly not eligible for compassionate release. First, two of his past convictions were for crimes of violence. Second, the defendant's history in prison does not support his contention that he is not dangerous inasmuch as he offered explosives to a fellow inmate in exchange for the murder of three people. Finally, the fact that his former spouse and her neighbor are alive and concerned about their safety if Blevins is released demonstrates the seriousness of the danger that would be posed

by this person's release. Each of these factors point to the fact that Blevins remains a danger to society and should not be released from confinement.

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for Reduction in Sentence Pursuant to the First Step Act [ECF No. 61] is DENIED.

IT IS FURTHER ORDERED that the Motion for Compassionate Release and Supplemental Motion for Compassionate Release [ECF Nos. 59 & 66] are DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [ECF No. 64] is DENIED.

IT IS FURTHER ORDERED that the Defendant's Motion for a Hearing [ECF No. 63] is DENIED.

SO ORDERED this the 16th day of June, 2020.

                                          __/s/ David Bramlette_____
                                            UNITED STATES DISTRICT JUDGE